UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**TIMOTHY W. PURCELL**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 4:09CV-P47-M**

**DAVID OSBORNE, JAILER**  **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Timothy W. Purcell, a pretrial detainee in the Daviess County Detention Center ("DCDC"), filed a *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983 against Daviess County Jailer David Osborne in his official capacity. He seeks damages and injunctive relief.[1]

Plaintiff basically alleges two claims. First, Plaintiff alleges that he was arrested on April 14, 2009, and taken to the DCDC. Plaintiff claims that despite his request to be placed in administrative segregation, he, who is a "non-convicted county inmate" with "documented anxiety, and Bi-Polar Disorder, and Paranoia," was placed in a population with "violent state inmates." In this population, Plaintiff was beaten on the head by a state inmate, taken to the hospital, and received stitches. Plaintiff was also threatened by another state inmate who advised Plaintiff that he would beat Plaintiff "half to death, or kill [Plaintiff], because he said he was there for murder anyway, which he was, and he wasn't afraid of more time." The Court construes Plaintiff's first claim as a failure-to-protect claim based on a policy of commingling non-violent and/or mentally ill, pretrial detainees with violent state inmates.

---

[1] As injunctive relief, he seeks "Early Release for violation of rights." Since he factually claims that he is currently in "the hole" and advises that he repeatedly asks "to be taken out of here, and nobody will move me, so I definately feel I'm being violated," the Court construes Plaintiff's request for injunctive relief to be a request to be released from segregation. To the extent he seeks immediate release from incarceration, such relief is not available through § 1983. Rather, a prisoner may seek immediate or speedier release only by way of a habeas action under either 28 U.S.C. § 2241 or § 2254.

Plaintiff additionally claims that after being returned from the hospital on April 29, 2009, he was to stay in "medical" for fourteen days until removal of his stitches. On May 2, 2009, however, he was removed from "medical" because someone worse than he needed the cell and was moved to "the hole" and placed between "the two men who were being punished for crimes committed against [Plaintiff]." He reports being called a rat and snitch daily, having limited phone privileges, and not being allowed to attend church services. Plaintiff advises that although his stitches were removed on May 19, 2009, he is still in "the hole." The Court construes this as a due-process claim under the Fourteenth Amendment.

Because Plaintiff is a prisoner suing a governmental officer, the Court must review the action pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court must dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. Upon review, the Court will allow the action to proceed against Defendant Osborne in his official capacity, which is actually a suit against Daviess County. In permitting the complaint to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of this action.

Date:

cc: Plaintiff, *pro se*
 Defendant
 Daviess County Attorney
4414.005

2